# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

KEONDRA M. CHESTANG                                                                            PLAINTIFF
ADC #134005

V.                                          NO: 2:11CV00133 JLH/HDY

VALERIE WESTBROOK *et al.*                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

      hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff KeOndra M. Chestang, currently incarcerated at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), on August 4, 2011. Defendants are ADC employees Valerie Westbrook and Steve Outlaw. On December 5, 2013, Defendants filed a summary judgment motion, a statement of facts, and a brief in support (docket entries #148-#150). Plaintiff filed a response and statement of facts on January 23, 2014 (docket entries #158 & #159). Defendants filed a reply on January 31, 2014 (docket entry #161), and Plaintiff filed an addendum on February 5, 2014 (docket entry #162).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

In late October of 2007, Plaintiff was placed on behavior control for assaulting a staff member. As a result, all of his personal property, including legal materials, was confiscated. Plaintiff claims that, because he didn't have his legal materials, his untimely petition for writ of *habeas corpus* was dismissed.[1] Plaintiff's claims regarding his property loss have been dismissed (docket entry #100). Thus, Plaintiff is proceeding solely on his claim that he was denied access to the Courts because he was unable to file a timely *habeas* petition.

Defendants assert that they are entitled to summary judgment because principles of *res judicata* and collateral estoppel bar his claim that his Court access was impeded, and because they are entitled to qualified immunity. Because Plaintiff's claims that he was prevented from filing a timely *habeas* petition were considered and rejected in his *habeas* case, his claim here amounts to a collateral attack on that decision, and should be dismissed.

Plaintiff ultimately did file a *habeas* petition on August 4, 2009. On November 6, 2009,

---

[1] *See Chestang v. Hobbs*, ED/AR No. 5:09CV219.

United States Magistrate Judge Henry L. Jones, Jr., recommended that the petition be dismissed as untimely. In his objections, Plaintiff urged the District Judge to reject the recommendation, asserting the fact his legal materials had been confiscated on October 22, 2007 provided extraordinary circumstances that made equitable tolling of the filing deadline appropriate in his case. After reviewing Judge Jones's recommendation, Plaintiff's objections, and the relevant record *de novo*, United States District Judge Susan W. Wright adopted the recommendation, and dismissed the petition. On August 11, 2011, the United States Court of Appeals for the Eighth Circuit affirmed the dismissal.

Because the issue of Plaintiff's ability to file a timely *habeas* petition has already been litigated, and a judgment on the merits has been reached, Plaintiff should not be allowed to relitigate the issue here. Collateral estoppel is appropriate when four elements are present: (1) the issue sought to be precluded is identical to the issue previously decided, (2) the prior action resulted in a final adjudication on the merits, (3) the party sought to be estopped was either a party or in privity with a party to the prior action, and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action. *Irving v. Domire*, 586 F.3d 645, 647-648 (8th Cir. 2009)(internal citations omitted). Plaintiff allegedly being prevented from filing a timely *habeas* petition is identical here as in his *habeas* petition, the parties here are ADC officials, like the respondent in Plaintiff's *habeas* petition, there was an adjudication on the merits, and Plaintiff was given a full and fair opportunity to be heard on the issue in his previous action, including an appeal. Accordingly, Plaintiff's claim relating to his allegation that he was prevented from filing a timely *habeas* petition is precluded by the doctrine of collateral estoppel, and Defendants are entitled to summary judgment. *See also Burgie et al. v. Hannah et al.*, ED/AR No. 4:12CV00051 (applying

collateral estoppel in dismissing case involving previously adjudicated issue).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #148) be GRANTED and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   25   day of February, 2014.

                                        UNITED STATES MAGISTRATE JUDGE